IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIRIAM D. LANDES, | : | CIVIL ACTION |
| Trustee, Hanford Trust, et al., | : | |
| | : | |
| Plaintiffs, | : | NO. 08-697 |
| | : | |
| v. | : | |
| | : | |
| KEYSTONE NAZARETH BANK & | : | |
| TRUST CO., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 13th day of May, 2008, upon review of Defendants Steven W. Wiener, Esquire and Weiner & Wiener, LLP's Motion to Dismiss Plaintiffs' Complaint (Docket No. 2), and Plaintiffs' Response in Opposition thereto, it is hereby ORDERED that the motion is GRANTED, as the court does not have subject matter jurisdiction over this action. As the lack of subject matter jurisdiction affects the entire complaint, the Clerk of Court is directed to mark this matter CLOSED for all purposes, including statistics.

Plaintiffs filed a Complaint in the above-captioned action, assigned Civil Action No. 08-697 by the Clerk of Court. In their Complaint, Plaintiffs assert the following basis for this court's jurisdiction:

> Plaintiffs invoke the pendent jurisdiction of this Court in that the parties to this case are also parties in the case captioned <u>Langman v. Keystone Nazareth Bank & Trust Company, et al.</u>, filed in this Court as No. 07-CV-2520. This case involves the same core of operative facts, many of which overlap the facts which will be developed in the case presently before this Court. Accordingly, the exercise of pendent jurisdiction is warranted.

The principle of pendent jurisdiction has been codified, along with the principle of ancillary jurisdiction, under one heading in the supplemental jurisdiction statute, 28 U.S.C. § 1367. Section 1367, subsection (a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367 (emphasis added).

The language of the statute itself makes it clear that the exercise of supplemental jurisdiction is only possible within a single civil action.  The phrases "[I]n any civil action of which the district courts have original jurisdiction" and "claims in the action within such original jurisdiction . . ." are clearly referencing the same civil action.  There is no language authorizing incorporation wholesale of a separate civil action.  This statutory section permits the supplemental jurisdiction over state law claims, which meet the case and controversy requirement, that are asserted in the same civil action as other claims over which the court already has original jurisdiction.  See 32 Am. Jur. 2d Federal Courts § 602 (2007) ("A district court can, in its discretion, exercise pendent-party jurisdiction over state-law claims contained in the same complaint as federal claims . . .").  The language of this statute cannot be read to permit supplemental jurisdiction over state-law claims existing in an entirely different civil action, regardless of whether they may form part of the same case or controversy under Article III of the

United States Constitution. A district court cannot exercise supplemental jurisdiction over an entire civil action.

Plaintiffs acknowledge that there in no federal question or diversity of citizenship in Civil Action No. 08-697. Plaintiffs have invoked this court's supplemental jurisdiction in Civil Action No. 08-697, but have set forth no claims in that civil action over which this court has original jurisdiction. Whether the court has original jurisdiction over any of the claims advanced in Civil Action No. 07-2520 is simply not relevant to this court's analysis. As a result of fundamental jurisdictional deficiency, the court grants Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction, and declines to address their arguments that the complaint should be dismissed for failure to state a claim. Since the jurisdictional deficiency affects the entire civil action, the entire matter must be dismissed, even with respect to jurisdictionally deficient claims brought against defendants Keystone Nazareth Bank & Trust Company and C. Palmer Zigmund, which have not yet entered an appearance.

BY THE COURT:

    S/ James T. Giles
                J.